Per Curiam.

The People concede that before the police officer opened the tin box and discovered the glassine envelopes of heroin, there wns no probable cause to make an arrest and, therefore, the search cannot be sustained on the ground that it was incident to a lawful arrest. Accordingly, the only basis upon which the search could be sustained is, as the People contend, that the defendant abandoned the evidence seized. The police officer testified that the defendant “ dropped a tin box ” just prior to the police officer’s making contact with the defendant’s hand. Considering the testimony of the police officer most favorably to the People, it is our opinion that this proof is insufficient, as a matter of law, to constitute an abandonment. There is no proof that the defendant threw it away or attempted to dispose of it in any manner which might have manifested the requisite intention to abandon. Moreover, the police •officer’s testimony reveals that he picked up the box so soon after it had been dropped that it is impossible to determine whether or not the defendant, if given the opportunity, would have picked up the box himself. Absent any such proof, the seizure of the tin box under the circumstances of this case cannot be sustained.
Accordingly, the judgment appealed from should be reversed, the motion to suppress the evidence should be granted, and the information dismissed.