Howard Goldfluss, J.
This court must determine if the rule set down by the United States Supreme Court in Brady v Maryland (373 US 83), which compels pretrial disclosure of exculpatory material to the defendant, applies when such material is contained in the Grand Jury minutes.
The defendant, by this motion, requests immediate inspection of the complaining witness’ testimony in the Grand Jury. He also moves for dismissal of the indictment on the ground that the Assistant District Attorney who submitted the case to the Grand Jury, excluded from that body’s consideration, evidence which could be beneficial to the defendant. He claims that the District Attorney had an affirmative duty to submit such evidence, and his failure to do so tainted the indictment, requiring its dismissal.
The defendant was indicted by a Bronx County Grand Jury on June 16, 1976, for assault in the first degree and assault in the second degree. At a preliminary hearing held in Fordham Hospital on May 19, 1976, the complainant, Isabelle Perez, testified that she was stabbed by one Laura Avila (not this defendant). According to her recital of the facts at that hearing, this defendant’s complicity in the incident consisted of breaking a bottle in her presence and pushing her after the stabbing.
The defendant’s attorney alleges in her motion papers (based on a frank disclosure by Assistant District Attorney Weinstein, who was assigned to prosecute this case), that the *248 complainant Perez’ Grand Jury testimony was inconsistent with her testimony at the hospital hearing. This court has read the Grand Jury minutes and they reveal that the complainant testified that the defendant, Alamo, had stabbed her and that Laura Avila had struck her with the bottle.
Unquestionably, a material inconcistency exists. But, does the failure of the prosecutor to disclose this inconsistency to the Grand Jury affect the indictment’s validity?
The court dealt with this question in Matter of Nigrone v Murtagh (46 AD2d 343, affd 36 NY2d 421). Although deciding that the prosecutor had exceeded his prosecutorial function, in actions that unlike here, constituted misconduct, it held that prosecutorial misconduct is not a defense to an otherwise valid and good indictment.
The Assistant District Attorney who presented the instant case to the Grand Jury alleges that he participated in the investigation. Although he did not have the minutes of the hospital hearing in his possession, he concedes that he was aware of complainant Perez’ prior inconsistency in her testimony. He adds that the complainant initially made the same misidentification to him, but that she spontaneously told him that Alamo had stabbed her and Ms. Avila had hit her with the bottle. He characterized the complainant Perez as being visibly nervous. When he asked her about the prior sworn statement made by her at the hospital hearing, she attributed the inconsistencies to her state of mind due to her hospitalization and the fact that criminal proceedings were held in that setting. Significantly, two independent witnesses who also identified this defendant Alamo as the party who stabbed the complainant Perez were interviewed by the Assistant District Attorney before they testified to that effect.
Based on all of the facts submitted, this court finds that the Assistant District Attorney submitted evidence to the Grand Jury which he believed to be true and since the court in Nigrone (supra) refused to avail to the defendant the remedy of dismissal, there is certainly no basis nor is there any precedent for the granting of such extreme remedy herein.
Parenthetically, the rights of the defendant are not, nor have they been impaired. This court, being aware of the competency of counsel, has no doubt that she will adequately utilize the complainant’s inconsistency to the best advantage of the defendant at the trial.
The remaining issue to be resolved is the defendant’s con *249 tention that the exculpatory material, which under Brady (373 US 83, supra) must be disclosed prior to trial, be made available forthwith. The People object to such immediate disclosure, because in order to make such testimony available to the defendant, the court would be granting inspection of the Grand Jury minutes as to the relevant material. They allege that such inspection is not authorized unless the material affects the legal sufficiency of the indictment (see People v Howell, 3 NY2d 672). This court, after having read the Grand Jury minutes, finds that such legal sufficiency exists, but that fact is not dispositive of the matter.
Although the United States Supreme Court has held that a defendant is entitled to inspection of any statement made by a government witness which bears on the subject matter of the witness’ testimony (see Jencks v United States, 353 US 657), in New York we have allowed the defendant to see and use the statement only after the witness has commenced his testimony at the trial (see People v Rosario, 9 NY2d 286; People v Schainuck, 286 NY 161; People v Dales, 309 NY 97; People v Bai, 7 NY2d 55).
After examining Brady carefully, this court comes to the conclusion that the Supreme Court has extended the Rosario rule. It intended that favorable evidence must be made available to an accused after he has requested it, irrespective of when or under what circumstances the request is made. In clear and precise language, the court states that denial of such materials "violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution(Emphasis mine; see Brady v Maryland, 373 US 83, supra, at p 87.)
There is no basis for ignoring such specific declaration solely for the reason that the evidence is in the form of testimony contained in Grand Jury minutes. Such reasoning would violate the very spirit and intent of Brady. Delaying the submission to the defendant of the discovery material he now requests is an example of the gamemanship that Brady does away with. The Supreme Court now tells us that discovery is a substantial right, not merely a procedural one. The very basis for the existence of any court is the search for truth, and delay alone could frustrate that ultimate goal.
There has been a definite expanding approach to disclosure. The Court of Appeals recently promulgated this expansion in the Matter of Kelvin D., (40 NY2d 895). The trial court had *250 refused to provide defense counsel with copies of police documents containing interview summaries drawn directly from prior statements of prosecution witnesses made to the initial officers on the scene. The lower court agreed with the prosecutor’s contention that the prosecutor’s duty to provide the statements commenced with the testimony of the investigative officers and that he had no such obligation when the witnesses who gave the prior statements testified. In finding that the lower court erred, the Court of Appeals refused to interpret Rosario in that manner. They found that it was hardly realistic to expect that defense counsel would retain sufficient memory of the salient details to enable him to conduct a searching cross-examination. Adopting the Brady mandate, the court held that the prosecutor must provide the defense, upon request, with copies of the prior statements of its witnesses. Applying that rationale here, one can only question as to how any delay in furnishing the defendant herein with any prior statement of the complaining witness can be justified. To the credit of the District Attorney of Bronx County, he has been in the forefront in establishing a liberal approach to disclosure. This court’s finding is consistent with such approach. The trial of a criminal case is not a chess game. No gambits are appropriate. It is clearly incumbent upon a court to maintain a standard of candor, especially when such candor may be necessary to avert an injustice. This court is aware of CPL 240.20, which sets forth the conditions under which a court "must or may issue an order of discovery”. As it applied herein, subdivision 3 of the section states "such discovery may be ordered with respect to any other property specifically designated by the defendant, except exempt property, which is within the possession, custody, or control of the district attorney, upon a showing by the defendant that (a) discovery with respect to such property is material to the preparation of his defense, and (b) the request is reasonable”.
There is no question that the request herein by the defendant is reasonable, that the property sought to be discovered and inspected is material. Additionally, the property requested does not come within the meaning of exempt property as defined in CPL 240.10 (subd 3).
If this court is extending the meaning of the language of the enabling statute to the present request, then it appears that it is not alone in expressing increasingly liberal interpretations *251 to discovery (see People v Matera, 52 Misc 2d 674; People v Quarles, 44 Misc 2d 955; People v D’Andrea, 20 Misc 2d 1070). Constitutional requirements supersede statutory limitations (People v Harrison, 81 Misc 2d 144).
The fact is that evidence which is favorable to a defendant belongs to him, and no technical barriers may be permitted to deprive him of this valuable property which the law says is his, not as a matter of mere privilege, but as a matter of right.
The District Attorney may very well take the position that Brady requirements have been fulfilled by the court’s disclosure in this decision of the inconsistency, and that it is, therefore, unnecessary to make available to the defendant the specific testimony referred to. The Court of Appeals dealt with this contention in People v Rosario, (9 NY2d 286, 290, supra): "omissions, contrasts and even contradictions, vital perhaps, for discrediting a witness, are certainly not as apparent to the impartial presiding judge as to single-minded counsel for the accused; the latter is in a far better position to appraise the value of a witness’ pretrial statements for impeachment purposes.”
The same rationale applies here. This court cannot substitute its judgment for that of the defense counsel as to how best to appraise and use crucial evidence of inconsistent identification testimony. In order for counsel to make such free and unfettered determination, the specific testimony must be read by the counsel. Anything short of that would defeat the very purpose of discovery.
This court is aware that the Grand Jury is a secret inquest and its confidences must be maintained. Security of the parties involved, or of the investigation itself, or of possible leads, make this secrecy necessary. None of the above elements exist here. Having found that Brady discovery material exists and that no issue of security is involved, this court has no choice but to direct the District Attorney to produce forthwith that portion of the complainant’s testimony designated as "RB-2” through "RB-5” of the Grand Jury minutes for the defendant’s immediate inspection.
Motion to inspect the Grand Jury minutes by the defendant is granted to the extent indicated. Motion to dismiss the indictment is denied.