OPINION OF THE COURT
Stanley Gartenstein, J.
The defendant was initially charged by a felony complaint with the crime of criminal possession of a weapon in the third degree (Penal Law, § 265.02), a class D felony. Thereafter, the Grand Jury directed the District Attorney to file a prosecutor’s information charging the defendant with criminal possession of a weapon in the fourth degree (Penal Law, § 265.01), a class A misdemeanor.
The defendant has filed an omnibus pretrial motion in which he has moved, pursuant to Brady v Maryland (373 US *483 83) for all material, including the Grand Jury testimony and the prosecutor’s worksheet, containing the substance of Detective Walton’s testimony before the Grand Jury. His testimony is believed to consist of a "dropsy” tale. The People refuse to produce the requested material at this time.
The court reserved decision on the defendant’s motion for the specifically requested Brady material and requested that each party submit a memorandum of law in support of his position. Both parties have done so.
It is defendant’s position that the requested testimony is "inherently suspect.” Specifically, the defendant states that the Assistant District Attorney has confirmed his suspicion that Detective Walton did testify before the Grand Jury and the substance of that testimony is alleged to be that the police observed the defendant abandon a black handbag in which the police found a .32 caliber revolver. Inasmuch as such "dropsy” testimony is inherently suspect (People v Anderson, 24 NY2d 12; People v McMurty, 64 Misc 2d 63; Barlow, Patterns of Arrests for Misdemeanor Narcotics Possession: Manhattan Police Practices, 4 Crim Law Bulletin 549), the defendant contends that it should be deemed evidence favorable to him. Further, as Brady material, the defendant states he would be entitled to examine such material immediately (People v Lowe, 96 Misc 2d 33; People v Simone, 92 Misc 2d 306; People v Alamo, 89 Misc 2d 246; People v Bottom, 76 Misc 2d 525).
The People’s position is that the requested material is not Brady material and that both the prosecutor’s work product and Grand Jury testimony of prosecution witnesses are privileged from disclosure (see CPL 240.10, subd 3; CPL 240.20, subd 3, and CPL 190.25, subd 4). The People do state that the requested testimony will be made available to the defendant once a trial jury is sworn pursuant to CPL 240.45 (subd 1, par [a], eff Jan. 1, 1980).
The Supreme Court in Brady v Maryland (373 US 83, 87, supra) held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment”. Favorable evidence within the meaning of Brady has been held to include identification testimony by a complainant before the Grand Jury where the testimony was inconsistent with that given during a prior hearing and the prosecutor failed to apprise the Grand Jury of the inconsistency (People v Alamo, 89 Misc 2d 246, supra). The court in *484 Alamo (supra) found that the Brady doctrine required that favorable evidence be made available to an accused shortly after it has been requested. Thus, the People were directed to furnish the defendant with a copy of the Grand Jury transcript which dealt with the complainant’s identification testimony. Moreover, the court stated (p 249) that the mandate of Brady could not be ignored "solely for the reason that the evidence is in the form of testimony contained in Grand Jury minutes.”
Favorable evidence has also been found to include a complainant’s medical records where "there is knowledge of a long-standing, ongoing mental condition of a complainant who is the sole eyewitness to the crime, and where such condition may affect the accuracy, perception and comprehension of his testimony” (People v Lowe, 96 Misc 2d 33, 37, supra).
The court in Lowe (supra, p 36) noted that "[i]t is recognized that '[t]he jury’s estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence’ (Napue v Illinois, 36 US 264, 269); and accordingly, courts have required disclosure of evidence tending to affect the credibility of a particular witness (Napue v Illinois, supra; Jencks v United States, 353 US 657; Levin v Katzenbach, 363 F2d 287; People v Rosario, 9 NY2d 286, cert den 368 US 866).”
The court finds that the testimony requested by the defendant is not evidence favorable to the defendant within the meaning of Brady (supra). The defendant’s only basis for requesting a determination that the testimony be deemed Brady material is his belief that such testimony is inherently suspect.
It is true that courts have questioned the reliability of "dropsy testimony” (People v Berrios, 28 NY2d 361; People v McMurty, 64 Misc 2d 63, supra). However, it should be noted that the New York Court of Appeals in People v Berrios (supra) rejected the notion that the People should be required to bear the ultimate burden of proving the admissibility of evidence obtained in the situation where a police officer testifies that a defendant dropped the contraband or whenever a warrantless search is involved. The court in Berrios stated (p 368) that "[we] have been told that with the advent of Mapp v. Ohio (367 U. S. 643) there has been a great incidence of 'dropsy’ testimony by police officers. Hence, this court has been asked to infer that the police are systematically evading the mandate of Mapp by fabricating their testimony. We *485 cannot embrace this post hoc ergo propter hoc reasoning for as the then Judge Warren Burger observed in Bush v. United States (375 F. 2d 602, 604), '[i]t would be a dismal reflection on society to say that when the guardians of its security are called to testify in court under oath, their testimony must be viewed with suspicion.’ Thus, we reject this frontal attack on the integrity of our entire law enforcement system. In so doing, we are not oblivious to the problem that there is always a possibility that a witness will perjure himself. Indeed, this is why credibility is usually a crucial issue whenever facts are in dispute and courts have traditionally addressed themselves to the resolution of this basic question as a part of the fact-finding process.” Similarly, in People v McMurty (supra, p 66) the court noted that such "dropsy testimony” must be carefully scrutinized in order to determine its reliability.
The defendant’s belief that the testimony of the detective is inherently suspect is not sufficient to justify a conclusion that the material is favorable evidence within the meaning of the Brady decision. In the instant case, the Grand Jury had the opportunity to analyze the detective’s testimony and to make its own determination on the issue of the credibility of the witness, as does a Judge when confronted with such testimony (People v Gelia, 19 Misc 2d 1056; People v Blair, 17 Misc 2d 265). Unlike the facts before the court in People v Alamo (89 Misc 2d 246, supra) the defendant in the instant case does not contend that evidence was not presented to the Grand Jury by the People which would have impaired the credibility of the detective.
The court’s finding that the Grand Jury testimony does not constitute Brady material does not necessarily preclude the defendant’s examination of the testimony. The new discovery provision, effective January 1, 1980, explicitly provides that:
"[a]fter the jury has been sworn and before the prosecutor’s opening address, the prosecutor shall make available to the defendant:
"(a) Any written or recorded statement, including any testimony before a grand jury, made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness’s testimony”. (CPL 240.45, subd 1, par [a].)
The court finds that the afore-mentioned discovery provision is applicable to the instant case, as it does not appear that its *486 application "would not be feasible or would work injustice” (L 1979, ch 412, § 4). Thus, the defendant shall be entitled to inspect Detective Walton’s Grand Jury testimony at trial, provided the prosecutor intends to call the detective to testify.
In any case, the People have stated that such testimony will be provided to the defendant at trial.