■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMO CULP, Appellant.—Judgment unanimously reversed, on the law and facts, motion to suppress granted, and matter remitted to Erie County Court for further proceedings on the indictment. Memorandum: The police officers testified that they had received word from an informant that defendant was "dealing" in drugs "out of" a specified apartment; that they knew defendant very well, having arrested him many times within the previous two years, and

they knew his inclination to deal in drugs. They testified that they did not have sufficient information to obtain a warrant to arrest him or to search him or the apartment, and so they went to the apartment to investigate. They had no intention of entering unless invited. On arrival at the apartment they knocked and defendant, answering from within, asked "Who is it?" The officers answered, "It's the 'D' Squad, Danny, Joe and Tom", whom defendant knew. Defendant replied, "Wait a minute", and they heard him move from the door. On prior occasions the officers had found that defendant would hide drugs or throw them away; and so Officer Fay immediately went to the side of the building to observe. He saw defendant on the window ledge outside of the apartment, and directed him to stay there; but the ledge and the pipe on which he was holding broke away from the building and defendant fell to the ground, landing on his back on the sidewalk. Although defendant was apparently somewhat hurt, the officer saw him instantly reach for and grab a cigarette pack protruding from his pants pocket. The officer pushed his hand away and took the pack from him and found that it contained heroin. He then arrested defendant. A warrantless search or seizure is presumptively unreasonable (People v Hodge, 44 NY2d 553, 557), and the People have the burden of overcoming that presumption (Coolidge v New Hampshire, 403 US 443, 454-455). Upon the facts in this case the officer lacked probable cause to believe that defendant possessed illegal drugs. To be sure, his action in exiting the apartment via the window was suspicious but not necessarily related to the possession of drugs (People v Martin, 48 AD2d 213, 217). Thus, the officer at best only had a suspicion that the cigarette pack contained a drug. Moreover, at that moment, in the presence of Officer Fay and a fellow officer, defendant's acts could not reasonably be interpreted as an abandonment or a possible successful effort to dispose of the package (see People v Anderson, 24 NY2d 12). Seizure of defendant's property at this point was a forbidden intrusion upon his constitutional right of privacy (People v De Bour [People v La Pene], 40 NY2d 210, 226), and so the seized property should have been suppressed. (Appeal from judgment of Erie County Court—attempted criminal possession controlled substance, fifth degree.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.