■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS HOGYA, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County, dated May 14, 1980, which, after a hearing, granted defendant's motion to suppress physical evidence. Order reversed, on the law, and motion to suppress denied. Police Officer O'Brien and his partner observed defendant and one Blumhagen touch hands with their palms turned inward, and defendant then placed his hand into a heavy jacket he was wearing. It was a warm day and Blumhagen was dressed in shorts and a T-shirt. Officer O'Brien did not see anything pass between the defendant and the other individual. While seated in his patrol car, O'Brien called the defendant over to the car and asked him for identification. Defendant produced a driver's license and began to shake. Officer O'Brien asked defendant what was wrong. Without responding, defendant started to run while at the same time removing his jacket and throwing it at his companion. His companion let the jacket fall to the ground and did not bend to pick it up. The officer retrieved the jacket, which was examined and found to contain narcotics. Criminal Term found that the police officer did not have reasonable suspicion that criminal activity was afoot, and thus the intrusion was improper. The court granted the defendant's motion to suppress the physical evidence. We reverse. Concededly, the officer did not articulate a reasonable suspicion prior to calling the defendant over to his police car. Under these circumstances, the minimal intrusion of calling the defendant over is permissible, but the request for identification was unlawful. (See *Brown v Texas,* 443 US 47.) Such illegality, however, did not taint the retrieval by the police of the jacket which, under the facts of this case, had been abandoned by the defendant. (Cf. *People v Howard,* 50 NY2d 583; *People v Anderson,* 24 NY2d 12.) Where a defendant abandons property, there is no search or seizure *(People v Lopez,* 22 AD2d 813). Accordingly, at bar, since defendant's reasonable expectation of privacy in said jacket or its contents was terminated, the police could examine the contents of the abandoned jacket without a showing of probable cause and the evidence should not have been suppressed.

(See 1 La Fave, Search and Seizure, § 2.6, subd [b], and cases cited therein.) Damiani, J. P., Margett and Thompson, JJ., concur.

Gibbons, J., dissents and votes to affirm the order, with the following memorandum: I cannot equate the act of the defendant throwing his jacket *"towards* the other defendant, Mr. Blumhagen" (emphasis added), as described by the testimony of the arresting officer O'Brien, and *"to* the defendant Blumhagen" (emphasis added), as described by his partner, Police Officer Zena, in his criminal court complaint, with an intent to abandon it, nor can I find any real distinction between this case and *People v Howard* (50 NY2d 583). Furthermore, in the absence of any showing that the police confrontation with the defendant was founded upon a reasonable suspicion, based on objective facts, that criminal activity was afoot, I conclude that the defendant's act of throwing his jacket to his companion was a direct and immediate response to the improper police intrusion.