■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SEWARD, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Wood, J.), rendered January 6, 1982, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress certain physical evidence. Judgment affirmed and case remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Criminal Term denied defendant's motion to suppress. We agree. The police had reasonable suspicion to follow defendant's car and continue observation (see *People v Sobotker*, 43 NY2d 559). They were entitled to stop him after observing him make an illegal turn on a red light (see *People v Ingle*, 36 NY2d 413). On the record, it is clear that the police were not using the traffic violation as a "mere pretext" to check out defendant on an unrelated matter (cf. *People v Flanagan*, 56 AD2d 658, 660). As the police had a right to pursue and stop him, his reliance on *People v Howard* (50 NY2d 583) is misplaced. In the case at bar, defendant's decision to discard the contraband must be deemed an abandonment (see *People v Hogya*, 80 AD2d 621, app dsmd 56 NY2d 602). Based on their experience, the police had probable cause to believe that the abandoned substance was contraband and to arrest defendant (see *People v McRay*, 51 NY2d 594). Accordingly, the denial of defendant's motion to suppress was correct. We have considered defendant's other arguments and find they have no merit. Mollen, P. J., Weinstein, Bracken and Rubin, JJ., concur.