■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FRAUMENI, Appellant. — Appeals by defendant from three judgments of the Supreme Court, Queens County (Sherman, J.), each rendered October 19, 1981, convicting him of criminal possession of a controlled substance in the fifth degree, attempted criminal possession of a controlled substance in the fifth degree and assault in the first degree, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial of that branch of defendant's pretrial motion as sought suppression of physical evidence.

Judgments affirmed.

The evidence adduced at the suppression hearing indicates that on December 21, 1979, at approximately 9:45 P.M., while Police Officers James O'Brien and Charles Zena were patrolling Forest Park in a marked vehicle, they observed some youths standing by Carousel Park House. As O'Brien slowed the vehicle down so that he and Zena could "see what was going on", most of the youths started to walk away in all different directions. Zena and O'Brien then turned the patrol car off the roadway to the park and onto the grass and proceeded to the area where the group had been spotted initially. The police officers spotted the defendant who "seemed to be walking away at a rather fast pace". They followed him and then saw him drop an object to the ground between two trees. O'Brien continued driving up to where he had seen the object fall. He stopped the car, allowing Zena to get out, and proceeded to follow the defendant. As Zena picked up the object, O'Brien stopped the patrol car near the defendant and got out to question him. After examining the package, Zena concluded that it contained narcotics and he told O'Brien to arrest defendant. Criminal Term properly denied that branch of defendant's pretrial motion which sought to suppress the narcotics, inasmuch as the narcotics had been abandoned by the defendant (*see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Hogya,* 80 AD2d 621; *cf. People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023; *People v Anderson,* 24 NY2d 12). Defendant's other contentions are without merit. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.