■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY BOYCE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered November 30, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gallagher, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

Three plainclothes police officers, who were patrolling at approximately 12:15 A.M. on October 6, 1983, in a high-crime area of Queens known for drug trafficking and illegal gun sales, were entitled to stop the defendant after they observed his automobile pull away from the curb at a high rate of speed with the tires screeching, and then make a turn without

signaling *(see, People v Rosario,* 94 AD2d 329; *People v Seward,* 91 AD2d 1005). When asked to produce his license and registration, the defendant reached into the car and retrieved an 8-inch by 5-inch pouch. When the defendant turned his body away from the officers and opened the pouch in a secretive fashion, one of the officers moved around the defendant and was able to see a gun butt in the pouch. The pouch and a loaded revolver were seized, and the defendant was arrested.

Under the circumstances presented, the officer was justified in moving around the defendant to see what he was doing with the pouch, since there was no unreasonable breach of the defendant's legitimate expectation of privacy *(see, People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023). The officer merely moved around the defendant, and did not interfere with his personal liberty. The safety of the officer was a legitimate concern considering the time of night and the location. As the gun butt was in plain view, it was properly seized. We have considered the defendant's other contentions and find them to be without merit. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.