THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL MARTIN, Appellant.

The evidence adduced at the suppression hearing established that police officers responded to an anonymous tip that

a "tall" black male at a specified location was in possession of a silver handgun. The officers observed four black males, including the defendant, at that location. The defendant "kept looking back and forth" and, as the officers approached, the defendant fled. One officer gave chase and, during the course of the pursuit, the defendant threw down a silver-colored revolver. The pursuing officer lost sight of the defendant, stopped and retrieved the gun. The defendant was subsequently found and arrested.

At the outset of the trial, the defendant moved to dismiss the indictment on the ground that the People failed to turn over, for use upon the suppression hearing, a radio dispatch tape which the defendant contends constituted *Brady* material. The Supreme Court reserved decision until the end of the trial. During the cross-examination of the pursuing police officer, the radio dispatch tape was played for the jury. It revealed that the anonymous tip concerned a "short" black male. The Supreme Court ultimately denied the defendant's motion to dismiss and a subsequent motion to set aside the guilty verdict, holding that the gun was abandoned and therefore admissible at trial.

We conclude from the evidence adduced at the suppression hearing that the pursuit of the defendant, premised on a vague anonymous tip, furtive glances, and flight, was unlawful *(cf., People v Leung,* 68 NY2d 734; *People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023; *see generally, People v De Bour,* 40 NY2d 210). However, we nonetheless agree with the Supreme Court that the gun was admissible at trial.

The evidence adduced at the suppression hearing makes clear that defendant's dropping of the gun was not a spontaneous reaction to the unlawful police chase, but was rather an independent act involving a calculated risk *(see, People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969; *People v Bryant,* 134 AD2d 269). The evidence supports the " 'exclusive inference of * * * throwing away' " *(People v Howard, supra,* at 593). In light of our agreement with the conclusion of the Supreme Court that the defendant abandoned the gun, we conclude that the defendant was not denied due process of law because of the People's failure to turn over the radio dispatch tape. Although we do not agree with the People that this evidence was not exculpatory *(see, People v Geaslen,* 54 NY2d 510, *appeal after remand* 97 AD2d 957; *cf., People v Jones,* 44 NY2d 76, *cert denied* 439 US 846), that evidence had no bearing on the dispositive issue of whether the defendant abandoned the property. Thus, the Supreme Court was not

obligated to dismiss the indictment because of prosecutorial misconduct. Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.