■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN WILSON, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Kellam, J.), dated August 26, 1987, which granted the defendant's motion to suppress physical evidence.

Ordered that the order is reversed, on the facts, and the defendant's motion to suppress physical evidence is denied.

On November 21, 1986, at approximately 8:45 P.M., Housing Police Officer Daniel Horan, who was stationed with two other officers on a rooftop, observed the defendant—in a drug prone location—engage in what he suspected was the sale of narcotics. Horan thereupon descended to the street and observed a number of people approach the defendant and offer him currency in exchange for powder-filled vials. After observing the defendant for approximately 15 minutes, Officer Horan—who was in plain clothes—approached the defendant with his

shield displayed and identified himself as a police officer. The defendant responded by fleeing and discarding two powder-filled vials on the grating of a sewer as he ran, which Officer Horan was able to recover. When the defendant was subsequently apprehended by Horan's partners, a marihuana cigarette and $171 in currency were recovered from his person.

After the foregoing testimony was adduced, the hearing court granted the defendant's motion to suppress. The court determined that Horan's testimony contained inconsistencies which rendered it incredible as a matter of law. On appeal, the People contend, *inter alia,* that the hearing court erred in declining to credit Horan's testimony, which the People further contend was both credible and consistent. We agree.

Although the hearing court's findings are entitled to great weight *(see, e.g., People v Prochilo,* 41 NY2d 759), the court's determination at bar is unsupported by the evidence adduced at the hearing. The hearing court found that Horan testified to "three different versions" of what transpired prior to his approaching the defendant. According to the court, Horan (1) testified that he observed persons approach the defendant and exchange what he believed to be currency for crack; (2) then inconsistently testified that he observed the defendant exchange powder-filled vials for currency; and finally (3) contradictorily stated that he did not observe the defendant pass any vials. Contrary to the hearing court's findings, we do not view the foregoing accounts to be inconsistent.

Although Horan testified that from the roof, he had observed the defendant pass something in exchange for currency, he subsequently—and consistently—stated that he was not able to observe the powder-filled vials in the defendant's possession until he descended to the street. Accordingly, the first two excerpts of Horan's testimony relied on by the hearing court as establishing conflicting versions of Horan's observations are consistent when viewed within their proper context. Moreover, while it is true that at one point Horan testified that he did not observe the defendant pass vials to other individuals, the record indicates that Horan understood defense counsel's question as referring to the observations he made while on the roof. The foregoing construction of Horan's testimony is buttressed both by a review of Horan's prior testimony, in which he consistently stated that he observed vials only after reaching the street and by his affirmative response to defense counsel's immediately following inquiry as to whether he had seen vials in the defendant's possession.

Further, when viewed as credible and consistent, it is our

conclusion that Horan's testimony establishes the propriety of the defendant's arrest. Horan, an experienced officer who observed the defendant repeatedly exchange powder-filled vials for currency in a drug-prone location, possessed probable cause to suspect that the defendant was engaged in criminal activity (see, People v McRay, 51 NY2d 594).

In any event, the record reveals that after Horan's noncoercive approach, the defendant fled and voluntarily abandoned the vials, the recovery of which provided Horan with probable cause to subsequently arrest the defendant (see, People v Martin, 140 AD2d 632, 633; People v Bryant, 134 AD2d 269; People v Fraumeni, 108 AD2d 756). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.