■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRIAN KOSCIUSKO, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Appelman, J.), dated May 29, 1987, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law and the facts, and that branch of the defendant's omnibus motion which was to suppress physical evidence is denied.

The relevant facts adduced at the suppression hearing disclose that on September 12, 1986, at approximately 7:30 P.M., Police Officer Walter Salowski and two fellow officers in uniform were patrolling a park located in the vicinity of Myrtle Avenue and 81st Street—a location known for the prevalence of trafficking in drugs—when they observed the defendant enter the park some 30 to 40 feet from their marked patrol car. The defendant—who had a plastic bag in his hand—did not observe the police car at first. When he did notice the officers, he quickened his pace and reversed his direction so as to exit the park. The officers followed the defendant in their patrol car, and, when they were within 20

feet of the defendant, Officer Salowski—the only witness appearing at the suppression hearing—opened the patrol car door. As he did so—and prior to his exiting the vehicle—the defendant began to run. Officer Salowski shouted, "stop" to no avail. Before giving chase, Salowski observed the defendant throw a plastic bag to the ground. The officer then pursued and overtook the defendant, who was arrested after it was determined that the discarded plastic bag contained 13 tinfoil pockets of white powder, subsequently determined to be angel dust.

The hearing court suppressed the plastic bag and its contents. In so doing, the court concluded that the officers were without authority, even under the common-law right of inquiry principle *(see, People v De Bour,* 40 NY2d 210), to approach the defendant. The court further determined that defendant's discarding of the bag was in response to "unlawful" police conduct and thus the bag could not be treated as abandoned property. The record supports neither conclusion.

Upon observing the defendant—who was carrying a sandwich-size plastic bag—obviously attempt to avoid the officers when he became aware of their patrol car, and considering that the park was described by Officer Salowski as an area known for prevalence of drug trafficking, the officers possessed a sufficient factual predicate to permit them to approach the defendant in a noncoercive fashion in order to make inquiry of him *(see, People v De Bour, supra).* Moreover, the officer's testimony—as elicited by the hearing court itself during its frequent colloquies with him—revealed that prior to the defendant's flight and discarding of the plastic bag, Officer Salowski did no more than attempt to exit the patrol car *(cf., People v Leung,* 68 NY2d 734, 736). Accordingly, the officer's conduct cannot be construed as "unlawful" or exceeding in scope the circumstances which rendered its initiation permissible. Further, although the hearing court observed that "no inquiry was made", the record establishes that the defendant fled before the officer could approach or address him *(cf., People v Hill,* 127 AD2d 144, 147, *appeal dismissed* 70 NY2d 795). Moreover, it is notable that in its findings of fact, the court failed to consider, or even mention, the significance of the defendant's flight in analyzing the legal issues presented.

In any event, the evidence adduced in respect to the defendant's discarding of the plastic bag reveals that the property was abandoned. The defendant's precipitous flight, to which he resorted even prior to the officer's approach, establishes that the defendant had no intention of invoking his "right not to

respond" *(see, People v Howard,* 50 NY2d 583, 590, *cert denied* 499 US 1023; *People v Hill, supra,* at 747) and that his discarding of the bag was, therefore, not the direct result of any allegedly illegal police conduct, but rather represented a calculated act evincing an independent intent to rid himself of the property in question *(cf., People v Martin,* 140 AD2d 632). Accordingly, the order suppressing the physical evidence should be reversed. Kunzeman, Kooper and Spatt, JJ., concur.

Balletta, J., dissents and votes to affirm the order appealed from, with the following memorandum, in which Brown, J. P., concurs: My colleagues in the majority would hold in the case at bar that the discarded bag should not be suppressed as the fruit of an illegal police intrusion. I respectfully dissent, and vote to affirm the suppression of the physical evidence in accordance with the decision by the hearing court after a full hearing.

Upon observing the defendant walking alone in the park, police officers on routine motor patrol began to follow him in their patrol car with the headlights off. Although the park was described as a "drug-prone location", the defendant was not engaged in any other activity which could be considered suspicious. After Officer Salowski exited his vehicle in order to follow the defendant on foot, the defendant glanced back, saw the officer, and began to walk faster towards the park exit. When the police officer called "Stop", the defendant dropped a plastic bag and started to run.

The only person to testify at the hearing was Officer Salowski, the arresting officer. The court found the testimony to be unbelievable and made its own findings of fact including: (1) that no inquiry was made, and, in any event, the right to inquire did not exist, (2) that it was still daylight at that time, and (3) that the act of the defendant in throwing the bag to the ground was not an abandonment of the bag. Generally, the findings of fact made by the hearing court, "with its particular advantages of having seen and heard the witnesses", are entitled to great weight, and such findings will not be disturbed where they are supported by the record *(see, People v Gee,* 104 AD2d 561). The record of the hearing in this case supports the factual determinations of Justice Appelman, especially in view of the inconsistencies in Officer Salowski's testimony.

It is well established that a police officer may stop a citizen on the street for the purpose of inquiry if he can point to specific and articulable facts which warrant the intrusion *(see,*

*People v De Bour,* 40 NY2d 210). Here, there was nothing in the defendant's action in walking in a park while it was still light that would give rise to articulable facts sufficient to justify the police intrusion. "[T]he reputation of a location, however notorious, does not provide a predicate for subversion of the Fourth Amendment" *(see, People v Marine,* 142 AD2d 368, 372). The defendant's walking, or running away, from the officers did not justify his seizure *(see, People v Howard,* 50 NY2d 583, 592).

The plastic bag containing the drugs, which was discarded as a direct and spontaneous result of the police intrusion, cannot be deemed to have been abandoned by the defendant *(People v Howard, supra).*