■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO ARCE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered January 4, 1989, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

Incidental to the execution of a warrant to search a drug seller's apartment, the police discovered the defendant in possession of two packages containing a total of 5.3 ounces of cocaine. The defendant threw down the packages and attempted to flee from the police, but he was immediately apprehended and arrested.

The defendant contends that his arrest was improper, and therefore, the evidence seized should have been suppressed. We disagree. Here, the officers entered the foyer of a two-story dwelling to execute a warrant for a so-called "buy and bust" operation in the second-story apartment. As one officer entered the foyer, he saw the defendant who immediately turned and dropped a package wrapped in a white paper towel behind an old television set located in the foyer. This wrapping was similar to that of packages previously purchased during the course of the investigation of the upstairs seller. A second officer recovered the white package and, through a tear in the paper, observed plastic covering a white powder which he believed to be cocaine. He then examined a second package, containing a white powder he believed to be cocaine, which the defendant had also discarded. Under the totality of the circumstances, the hearing court properly determined that the defendant had abandoned the property and that the evidence seized was admissible *(see, People v Kosciusko,* 149 AD2d 620; *People v Hogya,* 80 AD2d 621).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.