■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE MERRIMAN, Appellant. [600 NYS2d 74] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered January 11, 1990, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Two police officers, responding to the scene of an undercover cocaine purchase in an area known for cocaine traffic, ob-

served the defendant standing with the person who had sold cocaine to an undercover officer moments before. The defendant appeared to be placing something into the seller's hand. As the police officers drove up and left their car, the defendant jerked his hand back, put it in his pocket, and started to walk away. As one police officer arrested the seller, the other officer, who had made nearly 300 investigations into drug related activities, and knew the defendant from "street contacts", inferred from the circumstances that the defendant had been engaged in a drug transaction with the seller. The officer called out for the defendant to stop, but the defendant did not acknowledge him and kept walking quickly away. The defendant then took a clear plastic bag from his left front pocket, dropped it into a cardboard box on the sidewalk, and continued walking away. The officer retrieved the bag and saw that it was filled with smaller bags, each containing a white substance that appeared to be crack cocaine. He pocketed the bag, and then, with his partner's aid, arrested the defendant.

We disagree with the defendant's contention that his arrest was unlawful because the police had no reason to believe that there was criminal activity afoot and had no probable cause to arrest him, and therefore that the cocaine should not have been admitted into evidence. The police officer could point to articulable facts giving him an objective credible reason to approach the defendant (see, People v De Bour, 40 NY2d 210; People v Braithwaite, 172 AD2d 548), whose conduct was more suspicious than the "furtive glances and flight" involved in People v Martin (140 AD2d 632). Under these circumstances, recovery of the cocaine dropped by the defendant was lawful (see, People v Leung, 68 NY2d 734; People v Braithwaite, supra). In any event, the dropping of the drugs was clearly an abandonment (see, People v Greene, 150 AD2d 604; People v Martin, supra).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Bracken, Balletta and Eiber, JJ., concur.