■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v OMAR HILLS, Respondent. [743 NYS2d 525] —Appeal by the People from an undated order of the Supreme Court, Kings County (Reichbach, J.), which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made to the police, and dismissed the indictment.

Ordered that the order is reversed, on the facts, those branches of the omnibus motion which were to suppress physical evidence and statements made to the police are denied, and the indictment is reinstated.

On November 17, 2000, at approximately 11:40 P.M., four New York City police detectives, while on routine patrol in an unmarked vehicle, observed the defendant run out of a building. Two of the detectives noticed that he was holding the right side of his waist with his hand. The defendant then approached four or five other males who were standing near the street corner and one of those males yelled "Five-O, hurry up into the cab." The detectives observed a cab and understood "Five-O" to be a street term for "police."

The detectives continued to observe the defendant and positioned their vehicle parallel to the sidewalk. One of the detectives asked the defendant what was going on and the defendant approached the police and stated, "It's all good, officer. There is no guns here." As he spoke, the defendant lifted his shirt on the left side with his left hand, exposing his waistband and torso. At that point, one of the detectives observed the black handle of a silver handgun in the right side of the defendant's waist and yelled "He has a gun." The defendant continued walking and was observed tossing the gun, which was recovered by one of the detectives. It was a loaded nine millimeter. The defendant was apprehended and, as he was being arrested stated, "All right, you got me. I — up." After being advised of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436), the defendant stated that he had the gun for protection, as his brother had recently been killed at the corner where the police encountered him.

The defendant testified at the hearing that he was walking on the street to get a taxicab when a police officer in a car "rolled up" on him and asked what was going on and whether the guys on the corner were selling drugs. The defendant further testified that he complied with the officer's request that he lift up his shirt and, after he put his shirt down, the officer, while still in the police car, patted his waist once or twice by placing his hand through the door's open window. As the defendant tried to walk towards the cab, the officer in the back seat asked the defendant what he had in his pockets. As the officer opened the car door, the defendant ran and the gun slipped out of his waist and fell.

According to the defendant, the butt of the handgun never stuck out of his waist. The defendant claimed that while at the precinct he spoke to several identified detectives and signed a written statement consisting of two sheets with the top one covering about 75% of the bottom sheet.

In rebuttal, one of the detectives testified that he observed the defendant come over to the police car and lift his shirt stating "no guns out here." No officer patted down the defendant.

After the foregoing testimony was adduced, the hearing court granted the defendant's motion to suppress. The court determined, inter alia, that the seizure was the product of over-reaching police conduct, stating that it could not disregard common sense and common knowledge. On appeal, the People contend, among other things, that the hearing court erred in declining to credit the credible and consistent testimony of three New York City police detectives. We agree.

Although the hearing court's findings are entitled to great weight (*see People v Prochilo,* 41 NY2d 759; *People v Williams,* 226 AD2d 750; *People v Garafolo,* 44 AD2d 86), its determination is unsupported by the evidence adduced at the hearing. The hearing court's failure to fully credit the detectives' testimony was against the weight of the evidence. The three detectives testified in a candid, consistent, and credible manner, and the court never specifically discredited any of the police testimony. The court's determination was based on its own belief that the detectives had ordered the defendant to lift his shirt. The court, however, never articulated a reason for failing to accept the detectives' testimony on this issue, stating only generally that the police testimony appeared to be contrary to common sense and experience, and strained credibility.

It is our conclusion that the detectives' collective testimony establishes the propriety of the defendant's arrest. The defendant was observed exiting a building, walking up the block, holding the right side of his waist with his hand and approaching a group of males standing on a street corner. One of the males warned of the approach of the police and encouraged the defendant to hurry up into a cab. The police then inquired of the defendant what was going on and the defendant approached the police, lifted his shirt and stated that there were no guns. It was at that point that one of the detectives observed the handgun in the right side of the defendant's waist. The testimony of each of the three detectives was consistent and credible (*cf. People v Higgins,* 179 AD2d 778). Clearly, the testimony of each of the detectives was not incredible as a matter of law in that it was not physically impossible, contrary to experience, or self-contradictory (*see People v Garafolo, supra*).

In any event, the record reveals that after the initial encounter the defendant fled and voluntarily abandoned the handgun, the recovery of which provided the detectives with probable cause to subsequently arrest him (*see People v Wilson,* 147 AD2d 602; *People v Martin,* 140 AD2d 632).

Since the People established the existence of probable cause, those branches of the defendant's motion which were to sup-

press physical evidence and statements made to the police must be denied and the indictment reinstated. Santucci, J.P., Altman, S. Miller and McGinity, JJ., concur.