OPINION OF THE COURT
Sheryl L. Parker, J.
*577 The defendant, by notice of motion and affirmation dated September 21, 2004, moves for an order pursuant to Civil Rights Law § 50-a for an in camera inspection of the personnel files and Civilian Complaint Review Board proceedings of the arresting officer in this case.
The People oppose by an affirmation and memorandum of law dated October 28, 2004 contending that the motion is untimely in that all pretrial motions are to be filed and served within 45 days of arraignment, citing CPL 255.20.
Since a pretrial motion as set forth in CPL 255.20 does not include a motion pursuant to Civil Rights Law § 50-a, the People’s argument of untimeliness is without merit. The People also contend that the defendant has not set forth sufficient facts to warrant the court to direct the records to be presented for in camera review.
Civil Rights Law § 50-a provides that, in order for records to be submitted to the court for in camera inspection, the defendant must set forth a clear showing of sufficient facts so as to take the request out of the category of a “fishing expedition” for collateral matters which may be used to impeach (People v Gissendanner, 48 NY2d 543 [1979]; Zarn v City of New York, 198 AD2d 220 [2d Dept 1993]).
The instant case is a “dropsy case” in which the officer was attempting to arrest the defendant, who resisted. The defense sets forth seven cases with docket numbers, involving this officer, in which the defendants in such cases dropped evidence to the ground. In three of such cases, the defendants resisted arrest. Dropsy cases have been frequently criticized as attempts to legitimatize searches and seizures which are otherwise illegal (People v Berrios, 28 NY2d 361 [1971]; People v Anderson, 24 NY2d 12 [1969]; People v Quinones, 61 AD2d 765 [1st Dept 1978] ; People v McMurty, 64 Misc 2d 63 [Grim Ct, NY County 1970]; People u Frias, 102 Misc 2d 482 [Crim Ct, NY County 1979] ).
In light of “dropsy” being the prosecution’s theory, a theory which has been found suspect over the years, and the defense’s specific allegations of previous “dropsy” arrests by this particular officer, there is a sufficient predicate for the court to examine the requested records in camera to determine if the officer has been previously disciplined for misconduct relating to such arrests.
The New York City Police Department and the Civilian Complaint Review Board are directed to submit to the court within *578 10 days from the date of this order for in camera inspection, personnel and disciplinary records relating to the officer.