THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GONZALEZ, Appellant.—Judgment of the Supreme Court, Bronx County, rendered May 11, 1978, convicting defendant of the crime of grand larceny in the third degree and sentencing him as a predicate felon, unanimously affirmed. We are satisfied that defendant's guilt was established beyond a reasonable doubt and that the charge given by the court did not deny defendant a fair trial. However, we write only to make two observations concerning the court's instructions to the jury: (1) It was unnecessary for the trial court to embellish in three pages the wording contained in the CPL (300.10, subd 2) relating to a defendant's failure to testify, i.e., "the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn." We emphasize the language of the Court of Appeals that " 'In the trial of a criminal case it can never be necessary to add anything to the plain and simple language of the statute' " *(People v McLucas,* 15 NY2d 167, 171). The charge was, however, consistent in substance with the intent of the statute and accordingly, not prejudicial to defendant. (2) The court's charge on intent did not shift the burden of proof to defendant to disprove intent. The court stated: "Upon the question of intent, you may infer that a person intends that which is the natural and necessary and probable consequences of the act done by him. You have a right to find from the results produced and *[sic]* intention to effect it." The court's charge was permissive. Implicitly the jurors were presented with an alternative and a reasonable person could not thereby have been misled (cf. *Sandstrom v Montana,* 442 US 510). Concur—Birns, J. P., Fein, Sullivan, Markewich and Lupiano, JJ.