■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH ODOM, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered October 19, 1981, convicting him of criminal possession of a forged instrument in the second degree, upon a guilty plea, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues that could be raised on appeal. By letter dated August 30, 1982, counsel advised defendant that there were no viable issues and requested defendant to inform him of any issues he might desire to raise. No response to that letter was received. Counsel's application to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Lazer, Thompson and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO ORTIZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered March 6, 1980, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. In that portion of its charge as to reasonable doubt, the trial court referred to establishing guilt to a "moral certainty", as well as to wavering minds and even scales. Such language was improper (*People v Cousart,* 74 AD2d 877; *People v McCray,* 57 AD2d 632). No exception was taken, however, and examination of the entire charge indicates that the concept of reasonable doubt was correctly explained to the jury (*People v Turrell,* 66 AD2d 862, affd 50 NY2d 400; *People v Patterson,* 76 AD2d 891; *People v Woods,* 41 NY2d 279, 283). We have reviewed defendant's other contentions and find them to be without merit. O'Connor, J. P., Brown, Niehoff and Rubin, JJ., concur.