■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LYTCH, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered May 9, 1983, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Although it might be said in retrospect that the court's charge with respect to the People's burden of proof might have been "more precisely phrased, the jury, hearing the whole charge, would have gathered from its language the correct rule to have been applied in arriving at its verdict; none of the asserted imperfections were such as to warrant reversal of defendant's conviction" (*People v Canty,* 60 NY2d 830, 832; see, also, *People v Walker,* 104 AD2d 573; *People v Ortiz,* 92 AD2d 595). Moreover, the trial court properly refused to charge criminal trespass in the third degree as a lesser included offense because under no reasonable view of the evidence could the jury have found that the defendant committed the lesser offense but not the greater (CPL 300.50, subds 1, 2; *People v Blim,* 63 NY2d 718, 720; *People v Scarborough,* 49 NY2d 364, 369-370; cf. *People v Henderson,* 41 NY2d 233).

Defendant failed to preserve for appellate review by appropriate objection most of his claims that improper evidence was admitted. To the extent that these claims have been preserved and assuming, for the sake of argument, that errors were in fact committed, such errors were harmless in light of the overwhelming evidence of guilt (*People v Crimmins,* 36 NY2d 230).

The remaining contentions are meritless and do not warrant discussion. Titone, J. P., Weinstein, Rubin and Boyers, JJ., concur.