■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH GALARZA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered January 18, 1982, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The evidence adduced at trial establishes that defendant initiated the drug sale transaction, acted in a salesmanlike manner by offering the undercover officers "dimes" and "twenties", and personally possessed one of the three packets of heroin sold to the officers. The codefendant's immediate relinquishment of the other two packets to defendant and defendant's intervention when one of the undercover officers attempted to approach the codefendant personally indicate a prior relationship between defendant and the codefendant. There is evidence that defendant profited from the sale of all three packets inasmuch as the police recovered $30 in bills with prerecorded serial numbers from him, and defendant had personally possessed only one "twenty" packet. No reasonable view of this evidence supports defendant's claim that he merely acted as an agent to accommodate the buyer and, therefore, the trial court properly refused to instruct the jury concerning the law of agency (*see, People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Bethea,* 73 AD2d 920).

Moreover, defendant does not make a factual showing sufficient to establish a prima facie case of systematic discrimination by the prosecutor over time in the selection of petit juries (*see, People v McCray,* 57 NY2d 542, *cert denied* 461 US 961; *People v Charles,* 61 NY2d 321, 329).

We have examined defendant's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.