■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HARVEY, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Cowhey, J.) rendered February 18, 1981, convicting him of rape in the first degree and robbery in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant has failed to make a factual showing sufficient to establish a prima facie case of systematic discrimination in the selection of the petit jury (*see, People v McCray,* 57 NY2d 542, *cert denied* 461 US 961; *People v Charles,* 61 NY2d 321, 329; *People v Galarza,* 109 AD2d 892). Defendant's assertion that no *Sandoval* hearing (*see, People v Sandoval,* 34 NY2d 371) was held has been shown by the People to be erroneous; a *Sandoval* hearing was indeed held. In addition, defendant's prior convictions were probative on the issue of defendant's credibility as a witness, and it was not improper for the trial court to permit the prosecutor to question defendant with respect to these convictions (*see, People v Sandoval, supra*). With respect to defendant's contention that the trial court erred by singling him out as an interested witness as a matter of law, assuming, arguendo, that the charge was improper, the error was harmless in view of the overwhelming proof of defendant's guilt (*see, People v Crimmins,* 36 NY2d 230; *cf. People v Staples,* 103 AD2d 759). Lastly, defendant contends that in the portion of its charge defining reasonable doubt, the trial court improperly equated proof beyond a reasonable doubt with proof to a "moral certainty" and improperly instructed the jury to find him not guilty if their "minds are wavering" or if the "scales are even". It is well established that such language is improper (*People v Wade,* 99 AD2d 474; *People v Ortiz,* 92 AD2d 595). However, no exception was taken. In any event, an examination of the entire charge indicates that the concept of reasonable doubt was fully and properly explained to the jury. Therefore, the error does not warrant reversal in the interest of justice (*see, People v Dée,* 106 AD2d 582; *People v Ortiz, supra; People v Turrell,* 66 AD2d 862, *affd* 50 NY2d 400). Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.