■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE SERUYA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County (Dela-

ney, J.), rendered March 2, 1984, convicting him of robbery in the first degree (four counts), robbery in the second degree (two counts), criminal use of a firearm in the first degree (four counts), criminal use of a firearm in the second degree (four counts), grand larceny in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial of defendant's motion to suppress physical evidence and statements.

Judgment affirmed.

On September 24, 1982, New Rochelle Police Detectives Panessa and Lanza, in plain clothes and an unmarked police vehicle, received a radio transmission that two armed individuals were robbing a bank on Main Street in New Rochelle. Based on their past experience that there is usually an additional individual in a getaway car and that many who commit armed robberies use the New England Thruway as an escape route, the detectives drove onto the Thruway and began to check passing vehicles. As they approached a silver Cadillac occupied by three males, they observed the passengers in the front and rear seats moving around as if changing clothes. When the detectives put on their flashing red light and siren, the Cadillac picked up speed, accelerating to speeds of 80 to 85 miles per hour and slowed down near at least four exits as though attempting to leave the highway.

After a high-speed chase of approximately three minutes, Detective Panessa nosed the Cadillac off the roadway. As Detective Lanza approached the passenger side of the stopped car with his revolver drawn, he saw the rear-seat passenger, later identified as defendant, lean forward as though to put something under the seat; the front-seat passenger stared straight ahead without any movement. Lanza opened the front passenger door and observed the butt of a revolver protruding between the legs of the front-seat passenger. Retrieving the gun, the detectives placed defendant and the other occupants of the Cadillac under arrest; stolen money was subsequently recovered from the vehicle.

Prior to pleading guilty, defendant moved to suppress physical evidence and certain statements he made subsequent to his arrest on the ground, *inter alia,* that they were the fruits of a warrantless arrest made without probable cause. Defendant's principal contention on appeal is that Criminal Term

was in error in finding his arrest supported by probable cause. We cannot agree with this contention and accordingly affirm the judgment of conviction.

At issue initially is the propriety of the stop of the Cadillac in which defendant was riding. It is settled law that an investigative stop of an automobile constitutes an impermissible seizure in the absence of at least a reasonable suspicion that the occupants of the vehicle have, or are about to be, engaged in conduct in violation of law, including traffic infractions (see, People v Rosario, 94 AD2d 329, 332; see also, People v Sobotker, 43 NY2d 559, 563; People v Ingle, 36 NY2d 413; People v Finlayson, 76 AD2d 670, lv denied 51 NY2d 1011, cert denied 450 US 931). In the case at bar, there is no room for dispute that after the detectives turned on their siren and red light and the Cadillac exceeded the legal speed limit, they were more than justified in stopping the vehicle (see, People v Copeland, 39 NY2d 986; People v Ingle, supra; People v Jerome, 100 AD2d 397, appeal dismissed sub nom. People v Anthony, 62 NY2d 975).

Moreover, once the Cadillac had been lawfully stopped, Detective Lanza's conduct in approaching the passenger side of the vehicle with his gun drawn and in opening the door was an appropriate security measure, especially since the detective had observed defendant place something under the seat and the radio transmission had spoken of a robbery involving armed individuals (see, People v David L., 56 NY2d 698, cert denied 459 US 866; People v Rosario, supra; People v Finlayson, supra).

Finally, once Detective Lanza observed the gun between the legs of the front-seat passenger, the police had probable cause to arrest the occupants of the vehicle and to conduct a search thereof (see, Chambers v Maroney, 399 US 42, reh denied 400 US 856; People v Belton, 55 NY2d 49; People v Finlayson, supra, at p 681).

We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Thompson and O'Connor, JJ., concur.