■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT McDANIEL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered November 13, 1981, convicting him of robbery in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Browne, J.), of that branch of defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

The attempted stop of the vehicle in which defendant was riding when he was apprehended was based on specific and articulable facts, to wit, the fact that the police reasonably believed that a traffic offense had been committed because the vehicle did not have its headlights on shortly after sunset (Vehicle and Traffic Law § 375 [2] [a]; see, People v Ingle, 36

NY2d 413; *see also, People v Seruya,* 113 AD2d 777). Defendant's contention that the prosecutor used peremptory challenges for the sole purpose of excluding minorities from the jury is without merit since he has failed to make a factual showing sufficient to establish a prima facie case of systematic discrimination in the selection of the petit jury *(see, People v McCray,* 57 NY2d 542, *cert denied* 461 US 961; *People v Charles,* 61 NY2d 321, 329; *People v Harvey,* 111 AD2d 185; *People v Galarza,* 109 AD2d 892). Additionally, defendant was properly sentenced *in absentia,* since his voluntary refusal to be present at his sentencing after various reschedulings indicated an unambiguous defiance of the processes of law and disrupted the proceedings after all the parties were assembled and ready to proceed *(cf. People v Sanchez,* 65 NY2d 436; *see, People v Davis,* 106 AD2d 657). Finally, we perceive of no reason for the reduction of defendant's sentence. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.