■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY OXENDINE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered September 21, 1981, convicting him of rape in the first degree, robbery in the first degree, and sexual abuse in the first degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

Viewing the evidence adduced at trial in the light most favorable to the People *(People v Kennedy,* 47 NY2d 196), defendant's alibi defense was disproven and his guilt was proven beyond a reasonable doubt. We have examined defendant's remaining contentions and find them to be without merit.

We note that defendant was afforded the opportunity to file a supplemental *pro se* brief but has not availed himself of the opportunity. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY ROBINSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered November 11, 1983, convicting him of attempted grand larceny in the second degree, criminal mischief in the fourth degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's claim that a portion of the court's charge could be interpreted as shifting the burden of proof is unpreserved for appellate review *(see, People v Thomas,* 50 NY2d 467). In any event, examination of the entire charge indicates that the concept of reasonable doubt was correctly explained to the jury *(see, People v Ortiz,* 92 AD2d 595). We have considered such other of defendant's contentions as have been preserved for our review and find them to be lacking in merit. Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.