■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY PALMER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Berkowitz, J.), rendered May 6, 1983, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress physical evidence and a statement made to a police officer.

Ordered that the judgment is affirmed.

The record clearly demonstrates that the police reasonably suspected that the defendant had been involved in a recent homicide in the area. Accordingly, the forcible stop of the defendant by the police as he was walking alone upon a railroad embankment was proper (see, People v De Bour, 40 NY2d 210). Furthermore, as found by Criminal Term, the police observed the "outline of a gun" in the waistband of the defendant's pants as they approached him. Accordingly, Criminal Term correctly denied the defendant's motion to suppress the gun as well as a statement made by him following his arrest (see, People v Benjamin, 51 NY2d 267).

The defendant's unpreserved claim of error with respect to the trial court's charge does not warrant a reversal in the interest of justice (see, People v Harvey, 111 AD2d 185; People v Dee, 106 AD2d 582). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.