THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SZTUK, Appellant.—Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Defendant was convicted following a jury trial of possession of gambling records in the first degree (Penal Law § 225.20) and promoting gambling in the second degree (Penal Law § 225.05). On appeal defendant contends that the court erred in its failure to charge the statutory defense set forth in Penal Law § 225.25. Approximately seven hours into the jury deliberations defendant's counsel requested the court on two separate occasions to charge the statutory defense. The court erred in refusing to charge said defense on the grounds of untimeliness. "A request to charge may properly be made after the completion of the charge to the jury. (CPL 300.10 [5].) A 'protest need not be in the form of an "exception" ' and may be made 'at any subsequent time when the court had an opportunity of effectively changing the same.' (CPL 470.05 [2].)" *(People v Lewis,* 116 AD2d 16, 19.)

Defendant maintained throughout the trial that he did not possess the records which formed the basis of the charge; nevertheless, since the court charged the jury that the defendant could be found to have had constructive possession of said records, he was entitled to the statutory charge. Thus, the conviction of possession of gambling records must be reversed. In all other respects, the charge was proper *(see, People v Canty,* 60 NY2d 830; *People v Lytch,* 106 AD2d 518; *People v Walker,* 104 AD2d 573, 574).

The sentence imposed for promoting gambling in the second degree, however, must be modified with respect to two conditions of probation. It is improper to require a defendant to waive his constitutional rights against unlawful search as a condition of probation *(People v Grisanti,* 126 AD2d 938). Similarly, there is no justifiable reason advanced for the imposition of a curfew on defendant, except with permission from his probation officer, from 9:00 P.M. to 6:00 A.M. This condition is harsh and excessive and cannot be said to be related to his rehabilitation or to his leading a law-abiding life (Penal Law § 65.10 [2] [i]). Consequently, these conditions of probation must be stricken. (Appeal from judgment of Erie County Court, Dillon, J.—possession of gambling

records, first degree, and other offense.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.