■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYFIELD CREWS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 14, 1984, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant's arguments on appeal turn on issues of credibility which are primarily to be determined by the hearing court *(see, People v Quartararo,* 113 AD2d 845, 848; *People v Armstead,* 98 AD2d 726). The hearing court, in denying suppression of the defendant's inculpatory statements, resolved the credibility issues in favor of the People. Its finding that the defendant made a knowing, intelligent and voluntary waiver of his rights pursuant to *Miranda v Arizona* (384 US 436), is supported by the evidence, which includes the defendant's own videotaped statement. Furthermore, a review of the totality of circumstances *(see, People v Anderson,* 42 NY2d 35, 38) demonstrates that the defendant's statements were given to the police voluntarily. Although it is undisputed that the defendant suffered an injury to his eye during the course

of his arrest, the force used by the police in effectuating that arrest preceded his first inculpatory statement by about three hours and his videotaped statement by 5½ hours. Thus, the use of such force was sufficiently attenuated from the defendant's later statements as to remove any taint which might have otherwise arisen therefrom *(see, People v Hill,* 17 NY2d 185).

We have also considered the issues raised in the defendant's *pro se* brief and have found them to be unpreserved for review *(see,* CPL 470.05 [2]) and, in any event, without merit *(see, People v Scott,* 118 AD2d 881; *People v Harvey,* 111 AD2d 185). Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.