defendant to law enforcement officials were made after he was fully informed of his *Miranda* rights. Contrary to the defendant's contention there is no requirement that police officers permit the family members of a competent 19-year-old adult, in custody, to communicate with him *(see, People v Crimmins,* 64 NY2d 1072; *People v Strawder,* 134 AD2d 630; *People v Casiano,* 123 AD2d 712, *lv denied* 69 NY2d 744).

Moreover, since one of the People's witnesses gave testimony which affirmatively damaged their case, they were entitled to introduce evidence that the witness had made a sworn statement which was contrary to such testimony (CPL 60.35; *People v Fitzpatrick,* 40 NY2d 44). It is of no moment that they may not have been surprised by such testimony *(People v Magee,* 128 AD2d 811; *People v Davis,* 118 AD2d 796; *People v De Jesus,* 101 AD2d 111, *affd* 64 NY2d 1126).

Under the circumstances, the defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WANDA L., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered November 20, 1984, adjudicating her a youthful offender, upon a jury verdict convicting her of robbery in the second degree (two counts) and assault in the second degree (two counts), and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the jury should have been charged that character evidence, "in and of itself", could create a reasonable doubt is without merit *(see, People v Aharonowicz,* 71 NY2d 678).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNIE LAWTON, Appellant.—Appeal by the defendant from seven judgments of the Supreme Court, Queens County (Browne, J.), all rendered May 31, 1985, convicting him of robbery in the first degree (four counts) under indictment No. 4012/84, upon a jury verdict, and sentencing him to four concurrent terms of 8⅓ to 25 years' imprisonment, and impos-

ing four mandatory surcharges of $75 each; convicting him of robbery in the first degree and robbery in the second degree under indictment No. 4055/84, upon his plea of guilty, and sentencing him to concurrent terms of 8⅓ to 25 years' and 5 to 15 years' imprisonment, and two mandatory surcharges of $75 each; convicting him of robbery in the first degree under indictment No. 4056/84, upon his plea of guilty, and sentencing him to 8⅓ to 25 years' imprisonment, and a mandatory surcharge of $75; convicting him of robbery in the first degree under indictment No. 4057/84, upon his plea of guilty, and sentencing him to 8⅓ to 25 years' imprisonment, and a mandatory surcharge of $75; convicting him of robbery in the first degree under indictment No. 4058/84, upon his plea of guilty, and sentencing him to 8⅓ to 25 years' imprisonment, and a mandatory surcharge of $75; convicting him of robbery in the first degree and robbery in the second degree under indictment No. 4314/84, upon his plea of guilty, and sentencing him to two concurrent terms of 8⅓ to 25 years' and 5 to 10 years' imprisonment, and two mandatory surcharges of $75; and convicting him of robbery in the first degree and robbery in the second degree under indictment No. 4315/84, upon his plea of guilty, and sentencing him to concurrent indeterminate terms of 8⅓ to 25 years' and 5 to 15 years' imprisonment, and two mandatory surcharges of $75.

Ordered that the judgments under indictments Nos. 4012/84, 4055/84, 4314/84 and 4315/84 are modified, on the law, by reducing the number of mandatory surcharges of $75 to one with respect to the judgment rendered on each indictment; as so modified these judgments are affirmed; and it is further,

Ordered that the judgments under indictments Nos. 4056/84, 4057/84 and 4058/84 are affirmed.

The defendant contends that errors in the trial court's charge denied him a fair trial. While the court improperly used the terms "moral certainty" and "reasonable degree of certainty" in defining the reasonable doubt standard and instructed the jury that it must have a "substantial, articulable reason" for its doubt (see, People v La Rosa, 112 AD2d 954; People v Harvey, 111 AD2d 185), having failed to raise an objection to this portion of the charge, the defendant has failed to preserve the issue for appellate review (CPL 470.05 [2]). Moreover, an examination of the entire charge reveals that the concept of reasonable doubt was properly explained to the jury. Accordingly, the error does not warrant reversal in the interest of justice (see, e.g., People v Fisher, 112 AD2d 378; People v Ortiz, 92 AD2d 595).

The defendant also challenged the trial court's charge regarding his failure to testify. While we agree that the charge unnecessarily exceeded the language of CPL 300.10 (2) *(see, People v Gonzalez,* 72 AD2d 508, *supra),* it was consistent in substance with the intent of the statute and did not change its meaning *(People v Gonzalez,* 72 AD2d 508). Moreover, the error was harmless in view of the overwhelming proof of the defendant's guilt *(People v Crimmins,* 36 NY2d 230).

Finally, the defendant pleaded guilty on six indictments and each of his sentences on those indictments was the result of the plea bargain agreement. He cannot now claim his sentences were excessive *(see, People v Inch,* 127 AD2d 851, *lv denied* 69 NY2d 1005; *People v Kazepis,* 101 AD2d 816). Moreover, the defendant's application for vacatur of the mandatory surcharges imposed pursuant to Penal Law § 60.35 is premature *(see, People v West,* 124 Misc 2d 622; CPL 420.35, 420.10; *People v Brown,* 133 AD2d 463). However, as conceded by the People, the Supreme Court erred in imposing 13 surcharges as the 13 offenses represented only seven separate "act[s]" *(see,* Penal Law § 60.35 [2]). Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.