■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LAVIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered October 19, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's conviction of murder in the second degree arose out of the fatal shooting of his brother-in-law, Peter Ochetal, on February 16, 1989.

We agree with the defendant that the Supreme Court erred in denying suppression of certain physical evidence, i.e., the defendant's car. The defendant's car was retrieved by the police as a result of information supplied by the defendant in statements which were properly suppressed by the Supreme Court *(see, People v Prochilo,* 41 NY2d 759; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Paulin,* 33 AD2d 105, *affd* 25 NY2d 445). The car thus represented tainted fruit of illegal police conduct, and the record at the suppression hearing fails to establish with a "very high degree of probability" *(People v Payton,* 45 NY2d 300, 313, *revd* 445 US 573, *on remand* 51 NY2d 169) that the defendant's car "would inevitably have been discovered irrespective of the initial wrong" *(People v Stith,* 69 NY2d 313, 318). Nevertheless, in view of the overwhelming evidence in the record of the defendant's guilt, this error must be considered harmless *(see, People v Crimmins,* 36 NY2d 230).

The defendant also argues on the instant appeal that the court, in its charge on reasonable doubt, "diminished the People's burden of proof". This issue has not been preserved for appellate review (CPL 470.05 [2]). In any event, a review of the record indicates that the charge, considered as a whole, properly explained the concept of reasonable doubt to the jury *(see, People v Lawton,* 144 AD2d 584; *People v Fisher,* 112 AD2d 378). Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.