■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT APONTE, Appellant. [598 NYS2d 237] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered March 6, 1991, which convicted defendant, after a jury trial, of reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentenced him to concurrent terms of imprisonment of 3½ to 7 years, 7 to 14 years, and 3½ to 7 years, respectively, unanimously affirmed.

Defendant's claim that the verdict was repugnant is unpreserved for appellate review since he failed to object to the verdict prior to the discharge of the jury, and we decline to review it in the interest of justice *(see, People v Alfaro,* 66 NY2d 985). Were we to review the claim we would nevertheless find that it is without merit. "Whether verdicts are repugnant or inconsistent * * * is determined by examining the charge to see the essential elements of each count, as described by the trial court, and determining whether the jury's findings on those elements can be reconciled." *(People v Loughlin,* 76 NY2d 804, 806.) Here, it was not repugnant for the jury to have found that the defendant did not have the intent to murder one victim and assault another victim while at the same time possessing a loaded firearm "with intent to use the same unlawfully against another" (Penal Law § 265.03; *see, People v Jones,* 126 AD2d 401).

Review of defendant's claim that the showup identification

conducted by the police was improper because it was unduly suggestive and unreliable, and because exigent circumstances did not exist to justify the showup, is precluded since no hearing was requested or conducted *(People v Charleston,* 54 NY2d 622).

Defendant's claim that he was denied effective assistance of counsel because his attorney failed to move to suppress the identification evidence is without merit since there was no "colorable basis for a hearing" *(People v Rivera,* 71 NY2d 705, 709). In this regard, the showup identification was not unduly suggestive since defendant was apprehended within 15 minutes of the crime and within close proximity of the crime scene *(People v Duuvon,* 77 NY2d 541). Further, the showup procedures employed were not unnecessarily suggestive under the circumstances. We note also that the complainant who viewed defendant observed him aim and shoot his gun and also recognized him from the neighborhood, providing an independent source for her in-court identification.

We have considered defendant's other contentions and find them to be meritless. Concur—Murphy, P. J., Sullivan, Milonas, Kupferman and Kassal, JJ.