■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY DOBBS, Also Known as BRAQUAN and QUANT, Appellant. [599 NYS2d 883] —Mikoll, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered March 28, 1989, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts).

Defendant was indicted, tried and convicted of three counts of criminal sale and three counts of criminal possession of a controlled substance in the third degree. He was sentenced to six concurrent prison terms of 8⅓ to 25 years.

The first possession and sale allegedly occurred on June 1, 1988 when State Police Investigator Willie Parker, acting undercover, purchased one eighth of an ounce of cocaine from defendant for $200 on Catherine Street in the City of Schenectady, Schenectady County. Present at the time of the three transactions was a confidential informant who facilitated the introduction of Parker to defendant. The other two buys occurred in much the same manner on July 11 and 22, 1988, respectively, on Schenectady Street in the City of Schenectady.

Defendant argues that the evidence was not legally sufficient to sustain the jury's findings and was against the weight of the evidence. We disagree. The People established defendant's guilt of every element of the crimes charged beyond a reasonable doubt including the identity of defendant as "Barquant", "Quant" or "Rodney Dobbs" (see, People v Bleakley, 69 NY2d 490, 495).

Viewing the evidence in a light most favorable to the prosecution, as we must in the face of this verdict (see, People v June, 183 AD2d 960, 961, lv denied 80 NY2d 905), a rational juror could conclude both that the identity of defendant and his sale and possession of the controlled substances was established beyond a reasonable doubt as to each charge (see, People v Bleakley, supra, at 495). Further, defendant presented his own testimony creating a question of credibility. However, weighing the relative probative force of the conflicting evidence, the issue comes down in favor of the People compelling the conclusion that the jury verdict is not against the weight of the evidence (see, supra).

Defendant's contention, that Parker's direct testimony that he observed defendant two months after the third drug buy should not have been admitted into evidence because the

prosecution did not provide the notice required by CPL 710.30 (1), is rejected. The notice requirement applies only "where there is a real issue of identification predicated upon 'police-arranged confrontations between a defendant and an eyewitness' " *(Matter of Leo T.,* 87 AD2d 297, 299, quoting *People v Gissendanner,* 48 NY2d 543, 552). However, happenstance encounters with a defendant are not the object of the statute's enactment *(see, People v Green,* 149 AD2d 919, 920, *lv denied* 74 NY2d 810). In the case at bar, Parker testified that he saw defendant again after the date of the last buy (July 22, 1988) at a raid that the State Police had in Schenectady on September 29, 1988 when he observed "all the [d]efendants coming in, which was [his] job at that particular time". No further testimony was allowed at this point due to defense counsel's objection and motion for a mistrial because Parker's language indicated that defendant was in custody. Defendant did not properly object to the failure to give the CPL 710.30 (1) notice and that issue has been waived and not preserved for review *(see, People v Dieppa,* 176 AD2d 1076, *lv denied* 79 NY2d 855; *People v Clayborn,* 50 AD2d 952, 953). Further, the investigator's observation appears to have been the result of happenstance which did not trigger the CPL 710.30 (1) notice requirement.

Finally, we have considered and reject as meritless defendant's contentions that he was denied effective assistance of counsel because defense counsel (1) failed to pursue the opportunity at trial to show that Parker had identified another person as defendant based on the fact that defendant was in jail on another charge on September 29, 1988, and (2) failed to pursue the informant's identity. The evidence of an erroneous identification on September 29, 1988 is speculative and unpersuasive. The record does not indicate the place where the identification occurred or that defendant was not at court or in the jail area at the time he was observed for purposes not connected with the raid. Defense counsel's decision not to pursue the matter at trial was a tactical decision not demonstrative of ineffective assistance of counsel *(see, People v Satterfield,* 66 NY2d 796). The scales did not balance in favor of further exploration of the issue by trial counsel because the harm that could be incurred could outweigh the anticipated benefits. The same reasoning applies to defense counsel's decision not to pursue disclosure of the identity of the confidential informant *(cf., People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012). The failure attributed to trial counsel cannot be said to have been so prejudicial as to destroy

defendant's case *(see, People v Sullivan,* 153 AD2d 223, 229, *lv denied* 75 NY2d 925). Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.