■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS YIZAR, Appellant. [600 NYS2d 749] —Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered July 19, 1990, convicting him of criminal possession of a controlled substance in the fifth degree, after a nonjury trial, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the drugs purportedly abandoned by him should have been suppressed. We disagree.

The police were present at the crime scene in response to a specific tip by a confidential informant and observed the

defendant, who matched the description provided by that informant. Upon noticing a police officer approach, the defendant dropped a brown paper bag containing vials of crack cocaine. After the police retrieved the dropped bag and discovered the contraband in it, they had probable cause to arrest the defendant (see, People v Martinez, 80 NY2d 444). When the defendant was stopped by the police, he dropped a single vial of crack cocaine to the ground and then attempted to step on it. A scuffle ensued. The hearing court properly found that the defendant's dropping of the brown bag containing vials of cocaine, and the single vial containing cocaine, were independent acts involving a calculated strategy by the defendant to rid himself of the incriminating evidence (see, People v Boodle, 47 NY2d 398, cert denied 444 US 969). Accordingly, the evidence was properly found to be abandoned and not obtained as a result of illegal police conduct. Moreover, the hearing court did not improvidently exercise its discretion by refusing to require that the identity of the police officer's confidential informant be disclosed (see, People v Huggins, 36 NY2d 827).

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [15]). Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.