■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE HORN, Appellant. [602 NYS2d 390] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered December 19, 1991, convicting defendant, after a jury trial, of attempted murder in the second degree, robbery in the first degree, assault in the second degree, criminal use of a firearm in the first degree, and criminal trespass in the first degree and imposing prison terms of 6 to 18 years (twice), 10 to 20 years, and 1 to 3 years to be served concurrently and a term of 1 to 3 years to run consecutively to the first four counts, unanimously affirmed.

Evidence of prompt showup identifications involving three eyewitnesses, conducted 40 minutes after the armed robbery, at the crime scene, was admissible as the procedures employed were not suggestive under the circumstances *(see, People v Aponte,* 194 AD2d 315; *People v Slade,* 174 AD2d 639, *lv denied* 78 NY2d 974). The showup identification by the complainant, who had sustained a gun wound to his head, conducted at the hospital a short while later, was also appropriate under the circumstances *(People v Riley,* 70 NY2d 523).

Defense counsel's failure to object to the People's lack of timely and full notice under CPL 710.30 concerning the first three showups, resulted in the waiver of this claim as a matter of law *(People v Dobbs,* 194 AD2d 996, 997). Defendant's claim that he was denied effective assistance of counsel because of counsel's failure to seek to suppress these identifications is without merit in view of counsel's challenge to the propriety of all four showup identifications pursuant to a motion to suppress *(see,* CPL 710.30 [3]; *People v Rivera,* 73 AD2d 528, 529, *affd* 53 NY2d 1005).

Contrary to defendant's contention, the People established defendant's guilt of first degree robbery beyond a reasonable doubt as the evidence established that defendant, while armed with a loaded pistol, forcibly removed a wallet from the complainant and thus exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights *(see, People v Jennings,* 69 NY2d 103, 118).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Kupferman and Nardelli, JJ.