■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ALEKSIEWICZ, Appellant. [605 NYS2d 892] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered February 18, 1992, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. While the defendant contends that the complainant's testimony was not credible, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are

satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also contends that the court's charge on reasonable doubt and circumstantial evidence lowered the prosecution's burden of proof. However, a review of the record indicates that the charge, considered as a whole, properly explained the concept of reasonable doubt to the jury (see, People v Lavin, 182 AD2d 710; People v Lawton, 144 AD2d 584). Moreover, the charge adequately instructed the jury as to the People's burden of proof with respect to circumstantial evidence. The trial court instructed the jurors that they were required to find that the inference of guilt was the only inference that could be fairly and reasonably drawn from the facts and that the facts had to exclude every hypothesis but that of guilt (see, People v Ford, 66 NY2d 428; People v Sanchez, 61 NY2d 1022; People v Bynum, 187 AD2d 439).

We have reviewed the defendant's remaining contentions and find them to be without merit (see, People v Tucker, 55 NY2d 1). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.