■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW GORDON, Appellant. [614 NYS2d 213] —Appeals by the defendant from three judgments of the County Court, Nassau County (Orenstein, J.), all rendered May 20, 1992, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree under Indictment No. 91-78489, upon a jury verdict, criminal possession of a controlled substance in the fifth degree under Indictment No. 91-79110, upon his plea of guilty, and criminal possession of marihuana in the third degree and unlawful possession of marihuana under Indictment No. 91-79321, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

With respect to the judgment of conviction under Indictment No. 91-78489, after a jury trial, the defendant's contention that the language the court used in delivering its instruction to the jury on "reasonable doubt", in effect, shifted the

burden of proof from the prosecution to the defense, is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467, 472)* and, in any event, without merit *(see, People v Jones,* 27 NY2d 222, 227; *see also, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Acosta,* 182 AD2d 768; *cf., People v Towndrow,* 187 AD2d 194, 195).

Contrary to the defendant's contention, viewing counsel's conduct in its entirety, the defendant was not deprived of the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137; *People v Finch,* 199 AD2d 278; *People v Johnson,* 184 AD2d 732).

The defendant's contention with respect to the propriety of the sentence imposed is without merit *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions with respect to his judgment of conviction under Indictment No. 91-78489 are either unpreserved for appellate review or harmless in light of the overwhelming evidence of his guilt.

In view of our determination with respect to the defendant's judgment of conviction under Indictment No. 91-78489, after a jury trial, there is no basis for vacatur of his pleas under Indictment No. 91-79110 and Indictment No. 91-79321 *(cf., People v Clark,* 45 NY2d 432). Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.