■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON SANTIAGO, Appellant. [614 NYS2d 548] —Appeal by the defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered January 25, 1993, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that

branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied suppression of the "pouch" that the defendant had dropped in the "lobby" of the boarding house while he was walking away from detectives, and the vials recovered therefrom. The specificity of the information provided by the anonymous tip and the congruity between that information and the circumstances actually encountered provided the detectives with the requisite "reasonable suspicion" for them to approach the defendant to inquire *(see, People v Hollman,* 79 NY2d 181; *People v Benjamin,* 51 NY2d 267; *People v De Bour,* 40 NY2d 210; *People v Bora,* 191 AD2d 384, *affd* 83 NY2d 531; *People v Batash,* 163 AD2d 399; *see also, People v Martinez,* 80 NY2d 444; *People v Leung,* 68 NY2d 734; *cf., People v May,* 81 NY2d 725). Moreover, the seizure of the pouch containing the vials of cocaine was proper, inasmuch as the defendant's dropping of the pouch amounted to a calculated strategy by the defendant to rid himself of the incriminating evidence, and constituted abandonment thereof *(see, People v Martinez, supra; People v Leung, supra; People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *see also, People v Yizar,* 196 AD2d 517; *People v Merriman,* 194 AD2d 745; *People v Archibald,* 192 AD2d 537, 538). Also, once the pouch was recovered and the vials found therein, the officers had the requisite probable cause to arrest the defendant *(see, People v Martinez, supra; People v Leung, supra; People v Bora, supra; People v Yizar, supra,* at 517).

The defendant has not preserved for appellate review his contention that the court's instruction to the jury on reasonable doubt in effect shifted the burden of proof from the prosecution to the defense *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467, 472; *People v Gordon,* 204 AD2d 566) and, in any event, this contention is without merit *(see, People v Antommarchi,* 80 NY2d 247; *see also, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Jones,* 27 NY2d 222, 227). Similarly without merit are the defendant's contentions with respect to the court's *Allen* charge *(see, People v Ford,* 78 NY2d 878; *People v Pagan,* 45 NY2d 725; *People v Bastien,* 180 AD2d 691, 692; *People v Fleury,* 177 AD2d 504; *see also, People v Antommarchi, supra).*

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.