■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL THOMAS, Also Known as MIKE THOMAS, Appellant. [618 NYS2d 805] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered January 7, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant did not object to the trial court's jury charge on reasonable doubt and thus failed to preserve any claim of error as a matter of law (CPL 470.05; *People v Thomas*, 50 NY2d 467). In any event, the charge properly instructed the jurors to apply "the same power of reasoning and power of decision that you would apply and do apply to weighty and important matters relating to your personal and business affairs", and that a reasonable doubt is one "for which you can give a reason" (*People v Serrano*, 170 AD2d 269, 269-270, lv denied 77 NY2d 1000), and, viewed as a whole, conveyed the appropriate legal principle (*People v Thomas, supra*). Further, the trial court's instruction that "the standard of reason must prevail" cannot reasonably be viewed as serving to confuse or dilute the People's burden of proof. Rather, the clear import of the phrase was to emphasize the application of reason in determining the issue of reasonable doubt, rather than mere conjecture or caprice (*People v Antommarchi*, 80 NY2d 247, 251).

We have considered defendant's other arguments and find them without merit. Concur—Ellerin, J. P., Wallach, Asch, Nardelli and Tom, JJ.