■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT BENJAMIN, Appellant. [620 NYS2d 416] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered November 9, 1992, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the Supreme Court erred by denying his request for missing witness charges with respect to the complainant and the complainant's brother. The People established that the uncalled witnesses, who had left the country, were unavailable *(see, People v Gonzalez,* 68 NY2d 424; *People v Ortega,* 166 AD2d 728).

The defendant further contends that the Supreme Court's charge with respect to reasonable doubt diminished the People's burden of proof. However, a review of the record indicates that the charge, when considered as a whole, properly

explained the concept of reasonable doubt to the jury (see, *People v Lavin,* 182 AD2d 710; *People v Rowe,* 172 AD2d 701; *People v Lawton,* 144 AD2d 584).

We reject the defendant's contention that the Supreme Court erred by failing to properly instruct the jury concerning the evaluation of accomplice testimony. The court correctly instructed the jury that accomplice testimony must be corroborated by independent, nonaccomplice evidence tending to connect the defendant with the commission of the crime (see, *People v Crimi,* 137 AD2d 702).

The defendant's remaining contentions are without merit. Mangano, P. J., Thompson, Bracken and Altman, JJ., concur.