■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENDRICKS LOURENSZ, Appellant. [621 NYS2d 324] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered April 14, 1993, convicting defendant, after jury trial, of robbery in the second degree and grand larceny in the fourth degree, and sentencing him as a second violent felony offender, to concurrent terms of 4 to 8 years and 2 to 4 years, respectively, unanimously affirmed.

Contrary to defendant's contention, the stop and temporary investigative detention for purposes of a prompt on-the-scene confirmatory identification was proper *(People v Hicks,* 68 NY2d 234). The perpetrators were located near the scene of the crime, and the lapse of some 45 minutes did not vitiate the validity of the showup *(see, People v Maybell,* 198 AD2d 108, *lv denied* 82 NY2d 927; *People v Horn,* 197 AD2d 420, *lv denied* 82 NY2d 897). We reject defendant's remaining contentions in this regard. Viewing the evidence in a light most favorable to the People and giving due deference to the jury's finding on credibility under the standards set forth in *People v Bleakley* (69 NY2d 490, 495), we find that defendant was convicted by legally sufficient evidence and the verdict was not against the weight of that evidence.

Defendant failed to preserve properly his bolstering claim and we decline to review it in the interest of justice.

We cannot conclude that the court abused its discretion *(see generally, People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846) in limiting the re-direct examination *(People v Bethune,* 105 AD2d 262, 269) especially as to matters having only a marginal connection to credibility, and no relevance to the issue of guilt *(People v Duffy,* 36 NY2d 258, 262-263, *cert denied* 423 US 861; *cf., People v Ashner,* 190 AD2d 238, 248).

Defendant failed to preserve any of his present challenges to the court's interactions with the deliberating jury *(People v DeRosario,* 81 NY2d 801, 803), and we decline to review them

in the interest of justice. In any event, the challenges are without merit.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Asch and Rubin, JJ.