■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY ALSTON, Respondent. [621 NYS2d 329] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered September 25, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant contends that the jury charge on reasonable doubt impermissibly shifted the burden of proof. The charge, viewed as a whole, conveyed the proper standard. The court's singular statement that the jurors *"must* be in a position to furnish their reason *if* asked to do so" by a fellow juror, did not impose an "affirmative obligation" on the jurors "to supply concrete reasons 'based upon the evidence' for [an] inclination to acquit" *(People v Antommarchi,* 80 NY2d 247, 251, 252), "and in no way reduced the People's burden of proof" *(People v Johnson,* 196 AD2d 765, *lv denied* 82 NY2d 926). Nor do we find error in the court's description of reasonable doubt as a doubt that would make a "reasonable person * * * hesitate to act" *(see, People v Quinones,* 123 AD2d 793). Concur—Sullivan, J. P., Rosenberger, Nardelli and Williams, JJ.