■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMA JEAN ROBINSON, Appellant. [630 NYS2d 505] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), dated January 14, 1993, convicting her of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, issues of credibility as well as the weight to be accorded the evidence presented are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

While we agree that the court erred in admitting certain testimony as prompt outcry evidence *(People v McDaniel,* 81 NY2d 10, 16), we find that reversal is not warranted in light of

the overwhelming evidence of the defendant's guilt *(see, People v Rice,* 75 NY2d 929, 931-932; *People v Leon,* 209 AD2d 342; *People v Lofton,* 207 AD2d 995; *People v Teixeira,* 189 AD2d 838).

The defendant has not preserved for appellate review her contention that the court's instruction to the jury on reasonable doubt effectively shifted the burden of proof from the prosecution to the defense *(see,* CPL 470.05 [2]; *People v Jackson,* 76 NY2d 908; *People v Thomas,* 50 NY2d 467, 472; *People v Santiago,* 206 AD2d 492, 493; *People v Gordon,* 204 AD2d 566). Contrary to the views expressed by our dissenting brethren, we find that the court's instructions as a whole conveyed the appropriate principle of law *(see, People v Warren,* 76 NY2d 773; *People v Alston,* 211 AD2d 498; *People v Benjamin,* 210 AD2d 418).

The court's statements, emphasized by the dissent, in effect instructed the jury that a reasonable doubt was a doubt for which a juror could give a reason if called upon to do so in the jury room. This was not error *(see, People v Hammond,* 143 AD2d 1043). "That jurors be able to give a reason for their doubt if called upon to do so in the jury room is an appropriate instruction as a basic tenet of the jury deliberation process" *(People v Rivera,* 180 AD2d 560, 561; *see also, People v Thomas,* 210 AD2d 10; *People v Daniels,* 204 AD2d 865; *People v Stokes,* 198 AD2d 849; *People v Quinones,* 123 AD2d 793). Even if we assume, arguendo, that certain portions of the court's charge could have been better worded, reversal is unwarranted as the evidence of the defendant's guilt was strong, and the charge, when viewed as a whole, "adequately apprised the jury of the proper standard of proof to apply to the evidence before it" *(People v Blackshear,* 112 AD2d 1044, 1045-1046; *see also, People v Jones,* 148 AD2d 750; *People v Lytch,* 106 AD2d 518).

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80, 83).

We have examined the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Thompson and Santucci, JJ., concur.

O'Brien, J., dissents, and votes to reverse the judgment and order a new trial, with the following memorandum, in which Hart, J., concurs. We conclude that the defendant is entitled to a new trial because the trial court's reasonable doubt charge shifted the burden of proof.

Initially, contrary to our colleagues view, we find that this issue is sufficiently preserved for appellate review. The defendant's attorney objected to the court's reasonable doubt

charge and stated "[w]e feel my client's constitutional rights are abridged and transgressed by the reasonable doubt charge as to what reasonable doubt is not, as opposed to just explaining reasonable doubt and as to what it is. We take exception to the charge on reasonable doubt".

In its charge on reasonable doubt, the court stated:

"Now, I'm going to discuss with you people and define for you that term called 'Proof beyond a reasonable doubt.'

"You people, as members of this trial jury, do not have to be absolutely positive that a Defendant is guilty. You do not have to believe that a Defendant is guilty to such a degree that there can be no possible doubt about it.

"The law does not require that, because nothing in this life is so absolutely certain that it can be proven that completely.

"But you do, if you are going to convict a Defendant, have to be satisfied of guilt in a way that leaves you without any reasonable doubt of it. Reasonable doubt means nothing more or less than those two simple words themselves mean. You know perfectly well what a doubt is. It is something that makes you unsure or uncertain. If your doubt is simply of the fleeting or the minimal type, it is no basis for avoiding a conclusion or for avoiding a determination of the facts in this matter.

"A reasonable doubt goes a good deal further. A reasonable doubt is an uncertainty for which you have what appears to be a reason or uncertainty based upon the evidence in the case or lack of evidence in the case. It refers to a good deal more than a mere possibility. If such reasonable doubt remains after the proof has been given, then the People have not established guilt under our law.

"Let us assume for one moment that after you people get into your jury deliberating room one of the jurors should utter words to the effect of, 'Well, I think a Defendant is guilty, but I have some doubt about it.'

"Now, I'm sure you understand completely and thoroughly, and I do not expect this will or will not happen, but I'm simply giving you an illustration here. *But if one of the jurors should so speak and the other juror should turn to the speaker and say, 'If you have the doubt, what is the reason for this doubt that you have?'*

"If you do not have a reason, one based upon the testimony in the case, one that seems to make sense, not just some kind of a mere whim or an impulsive idea or some kind of an emotional or gut reaction, because that would not be reasonable, or if you have a reason based upon lack of evidence in the

case on one of the essential elements of each crime that you are then considering, *then you have to come up with a reason for voting not guilty.*

"Now in order to understand this term, proof beyond a reasonable doubt, I'm going to approach the definition of the term both from the positive, as well as from the negative point of view. Firstly, I will tell you what that term is not.

"That term does not refer to just any kind of a doubt, like a mere whim, a guess, a surmise or some kind of a feeling that the accused may not be guilty. Again, the human mind can conceive of doubt on virtually any topic.

"It is not the requirement of proof beyond all doubt. It is not a requirement of proof to some kind of a mathematical or scientific certainty.

"On the other hand, it is not proof that a Defendant is guilty by a mere preponderance of the weight of the credible evidence, as some of you people who have ever sat in a civil case might recall the rule to be in civil cases. Proof of the Defendant's guilt by a mere preponderance of the weight of the credible evidence is not sufficient to prove a defendant's guilt in this or any other criminal case. And, of course, the rule is not one that is to be used by any juror as an excuse or subterfuge to avoid performing what you might consider to be a difficult or even disagreeable duty.

"Now, having indicated to you what it is not, we shall now approach the term from the positive point of view, and I will tell you what a reasonable doubt is. A reasonable doubt is a doubt which you conscientiously have after the use of your power of reasoning which arises out of the credible evidence or lack of credible evidence. It is a doubt for which you have a reason. The standard of reason must prevail, *and when you are convinced that you have no reason of the Defendant's guilt, then that is sufficient, and you must render your verdict accordingly.*

"Each of you are to fully, fairly and conscientiously consider and weigh all of the evidence, using the same power of reasoning and the same power of decision that you would apply and do apply to weighty and important matters relating to your own personal and business affairs. If you then believe that each material element of the particular crime being submitted to you has been established according to the standards that we are now setting forth, then you must find that the Defendant that you are then and there considering guilty of that crime beyond a reasonable doubt.

"On the other hand, if you have such a reasonable doubt

arising out of the credible evidence or lack of it as to any essential element of the particular crime then being considered by you, the benefit for that doubt must be given to a Defendant, and your verdict must then be one of not guilty.

"If there is a reasonable doubt upon any material question necessary for conviction it must be resolved in the Defendant's favor" (emphasis added).

We find that this charge, taken as a whole, particularly those portions emphasized, impermissibly shifted the burden of proof and "actually reverse[d] the constitutionally required principles that the defense bears no burden and that it is the prosecution that must introduce evidence sufficient to persuade the fact finder, beyond a reasonable doubt, of the defendant's guilt" (*People v Antommarchi*, 80 NY2d 247, 252).

We agree with our colleagues' determination of the remaining issues raised by the defendant on appeal.