■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD SIMMONS, Appellant. [630 NYS2d 503] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), dated January 14, 1993, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Issues of credibility as well as the weight to be accorded the evidence presented are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's claim of prejudice stemming from the court's denial of his challenge for cause to a prospective juror is without merit since the juror did not exhibit a state of mind which was likely to preclude him from rendering an impartial verdict based on the evidence at trial *(see,* CPL 270.20 [1] [b]; *People v Torpey,* 63 NY2d 361, 365). The juror was not empaneled, and the defendant had not exhausted all his peremptory challenges at the time of the challenge or by the time the jury selection was complete *(see,* CPL 270.25 [2] [b]; [3]; 270.20 [2]; *People v Guzman,* 76 NY2d 1, 3; *People v Blyden,* 55 NY2d 73).

The defendant has not preserved for appellate review his claim that the court erred in receiving certain prompt outcry evidence, and we decline to review this issue in the exercise of our interest of justice jurisdiction (see, CPL 470.05 [2]; People v Williams, 75 NY2d 858, 859; People v Fabian, 213 AD2d 298; People v Vargas, 213 AD2d 258; People v Lourensz, 211 AD2d 492).

Similarly, the defendant has not preserved for appellate review his contention that the court's instruction to the jury on reasonable doubt effectively shifted the burden of proof from the prosecution to the defense (see, CPL 470.05 [2]; People v Thomas, 50 NY2d 467, 472; People v Santiago, 206 AD2d 492, 493; People v Gordon, 204 AD2d 566), and since the court's instructions as a whole conveyed the appropriate principle of law (see, People v Warren, 76 NY2d 773; People v Alston, 211 AD2d 498; People v Benjamin, 210 AD2d 418; see also, People v Melendez, 205 AD2d 392), we decline to review the issue in the exercise of our interest of justice jurisdiction (see also, People v Robinson, 218 AD2d 673 [decided herewith]).

Viewing the defense counsel's conduct in its entirety, the defendant was not deprived of the effective assistance of counsel (see, People v Rivera, 71 NY2d 705, 708; People v Baldi, 54 NY2d 137, 146; People v Wells, 187 AD2d 745).

The sentence imposed was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80, 83).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Balletta, J. P., Thompson and Santucci, JJ., concur.

O'Brien, J., dissents, and votes to reverse the judgment and order a new trial, with the following memorandum, in which Hart, J. concurs. We dissented from the majority decision on the codefendant's appeal (see, People v Robinson, 218 AD2d 673 [decided herewith]) on the ground that the trial court's reasonable doubt charge shifted the burden of proof (see, People v Antommarchi, 80 NY2d 247). Although the defendant did not join in the codefendant's objection to the charge during their joint trial, considering the nature of the error, we would reverse the defendant's conviction in the exercise of our interest of justice jurisdiction and would grant him a new trial on the same ground.

We agree with our colleagues' determination of the remaining issues raised by the defendant on appeal.